UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON H.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C26-1701-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found bipolar disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, substance use disorder and alcohol use disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform work limited to simple, routine tasks with occasional interaction with the public, coworkers and occasional changes in the work setting; and Plaintiff has no past relevant work but is not disabled because he can perform other work in the national economy.

Plaintiff argues the Court should reverse the Commissioner's final order and remand his case for further proceedings because the ALJ erroneously discounted his testimony and ignored Department of Vocational Rehabilitation records that Plaintiff cannot work without additional support.

For the reasons below, the Court REVERSES the Commissioner's final order under 42 U.S.C. § 405(g) and remands the case for further administrative proceedings.

## DISCUSSION

Plaintiff contends the ALJ harmfully discounted his testimony about the severity of his mental health symptoms. The ALJ did not find malingering and was therefore required to provide clear and convincing reasons to discount Plaintiff's testimony. *Garrison v. Colvin,* 759 F.3d 995, 1015 n. 18 (9th Cir.2014). The ALJ acknowledged Plaintiff stated that work exacerbates his mental symptoms and causes hallucinations, depression, memory problems irritability, frustration and anger. The ALJ further noted Plaintiff indicated having responsibilities worsen his stress, he is easily frustrated, prone to anger, has difficulty with change and that a sitter helps him with daily activities.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's symptoms, but the severity of the symptoms Plaintiff alleges "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." In support, the ALJ recounted Plaintiff's medical history regarding his mental health diagnoses and how Plaintiff's mental functioning swung from fairly normal attention, concentration, memory and judgment to suffering from hopelessness, agitation, inattentiveness, hyperactivity, anxiety, hallucinations, nightmares, suicidal ideation, depression and needing emergency medical care on several occasions.

The ALJ stated "given this history I have found the claimant has some mental limitations and accommodated for those limitations in the above residual functional capacity (RFC)." Plaintiff correctly contends this conclusory finding is insufficient grounds to discount or reject Plaintiff's testimony. The ALJ failed to "specifically identify the testimony [from a claimant] she

or he finds not to be credible and ... explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Here, the ALJ summarized the medical record but made no findings as to what parts of the record undercut Plaintiff's testimony about the severity of his symptoms. Rather the ALJ made a conclusory or general finding and "general findings are insufficient." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Holohan*, 246 F.3d at 1208 (concluding "the ALJ's credibility determination was erroneous" because it was based on the ALJ's characterization of "the 'record in general'").

While ALJs are not required to "perform a line-by-line exegesis," "'providing a summary of medical evidence . . . is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible.'" *Lambert v. Saul*, 980 F.3d 1266, 1277–78 (9th Cir. 2020) (quoting, 806 F.3d 494, 493 (9th Cir. 2017). "[T]o satisfy the substantial evidence standard, the ALJ must . . . explain why the medical evidence is inconsistent with the claimant's subjective symptom testimony." *Ferguson v. O'Malle*y, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

The Commissioner argues the record supports the ALJ's findings, but the ALJ did not articulate the Commissioner's specific arguments as the grounds to reject Plaintiff's testimony and thus neither can the Court. The ALJ did indicated Plaintiff "stated his medications are helpful, and that he was smoking less marijuana and going for walks daily." But the medical record that the ALJ recounted spans from 2021 to 2024 and during that time, Plaintiff continually suffered from significant mental health symptoms. As the ALJ noted, in June 2024, Plaintiff's mood was fluctuating, and he was still hallucinating even though his medications were helpful. In July 2024 Plaintiff reported having a bad month due to the death of a relative and his hallucinations "were the same." In August 2024, Plaintiff was still hallucinating and in

September 2024, Plaintiff reported ongoing symptoms such as mania, fluctuating moods and hallucinations.

To be sure, in 2024 during most visits, Plaintiff's cognitive abilities were deemed to be within a normal range, but Plaintiff does not claim he is disabled due to the severity of cognitive impairments, and these findings thus do not undermine his testimony about the symptoms caused by the array of mental health conditions the ALJ found were severe. Hence even if Plaintiff's symptoms improved with treatment, the record shows the severity of his symptoms exceeds the the ALJ's RFC determination. Plaintiff notes the ALJ mentioned Plaintiff's treatment was conservative. The ALJ did not specifically discount Plaintiff's testimony on the grounds he received only conservative treatment, and thus there is no specific finding for the Court to address.

In short, the Court concludes the ALJ harmfully erred in discounting Plaintiff's testimony regarding the severity of his mental health symptoms. The ALJ provided an insufficient general and conclusory statement that the record supports a finding Plaintiff's mental limitations are accommodated by the RFC determination. The Commissioner arguments about how the record could support the ALJ's conclusion, but the Court reviews the ALJ's findings, not the Commissioner's argument on review. Moreover, the ALJ's recitation of the record does not address Plaintiff's testimony about how being in a work setting exacerbates his mental health symptoms. Because the Court finds the ALJ harmfully erred in discounting Plaintiff's testimony, on remand the ALJ shall also consider the Department of Vocational Rehabilitation records.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

405(g). On remand, the ALJ shall reassess Plaintiff's testimony and the Department of Vocational Rehabilitation records; develop the record and redetermine RFC as needed and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 5th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge